**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

NEIL BANKSTON,
Plaintiff-Appellant,

v.

No. 99-2249

WILLIAM J. HENDERSON, Postmaster
General, United States Postal
Service,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
T. S. Ellis, III, District Judge.
(CA-98-1711-A)

Submitted: March 31, 2000

Decided: April 24, 2000

Before WIDENER, LUTTIG, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Neil Bankston, Appellant Pro Se. Steven Franklin Hirsch, UNITED
STATES POSTAL SERVICE, Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Neil Bankston appeals the district court's order granting summary judgment to Defendant in this action arising out of Bankston's termination from employment with the United States Postal Service. Our review is limited to those issues raised in the informal brief. See Local R. 34(b). We affirm.

Bankston contends first that the district court's review of his case was limited because an attorney for the Postal Service, and not the United States Attorney, filed the answer and the motion for summary judgment. Bankston does not demonstrate, and we fail to discern, how this impaired the district court's review of the case.

Second, Bankston contends that the district court did not address the "Douglas factors," see Douglas v. Veterans Admin., 5 MSPB 313, 5 M.S.P.R. 280, 305-306 (1981), in reviewing the decision of the Merit Systems Protection Board (MSPB) that removal was an appropriate sanction for Bankston's being absent without leave for several months. Douglas identifies twelve factors that an agency may consider when determining the appropriate sanction for a particular offense. See id. Only those factors that are relevant to the offense at issue need be considered. See Bryant v. National Science Found., 105 F.3d 1414, 1418 (Fed. Cir. 1997). Here, as the district court noted, the agency addressed some of the factors in making its decision.

The district court's role in reviewing a decision of the MSPB is limited. See 5 U.S.C. § 7703(c)(1)-(3) (1994). A de novo review of the record in which the district court independently applied the Douglas factors would have been inappropriate. Here, the record reveals that the district court satisfied its statutory obligation.

Third, Bankston argues that the district court did not address Executive Order 5396, which relates to disabled veterans' obtaining leave from civil service jobs to obtain medical care. Contrary to Bankston's assertion, the district court specifically determined that the Order did not apply in this case because, among other things, Bankston never

2

followed the proper procedures for requesting leave to obtain medical care.

Finally, Bankston asserts that the district court did not consider the use of leave as a reasonable accommodation for his claimed disability. Under the Rehabilitation Act, employers must generally provide reasonable accommodations to disabled employees who could perform a job's essential functions with such accommodations. Bankston apparently believes that leave (not working) constitutes a reasonable accommodation. This simply is not the case, especially here, where a limited-duty job was offered to Bankston but refused, and he subsequently was found to suffer no medical residuals from his on-the-job injury.

The arguments raised on appeal are without merit. We therefore affirm the district court's order granting summary judgment to the defendant. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process. The motion for appointment of counsel is denied.

AFFIRMED

3